### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

SHANNON PARKINS-WHITE,

                     Plaintiff,

v.                                            CIVIL ACTION NO.  2:10-cv-00137

WORLD'S FOREMOST BANK,

                     Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the defendant World's Foremost Bank's ("WFB") Motion to Dismiss Amended Complaint for Failure to Join an Indispensable Party or, Alternatively, Motion to Dismiss as to Counts Six, Seven, and Eight of the Amended Complaint [Docket 4].  For the reasons explained below, the Motion is **GRANTED in part and DENIED in part**.  The motion to dismiss for failure to join is **DENIED**.  The motion to dismiss Counts Six, Seven, and Eight, however, is **GRANTED**.

## I.  Background

    *A.  Facts*

This is a consumer action against a bank.  The plaintiff, Shannon Parkins-White, alleges that WFB violated several consumer protection laws in attempting to recoup debts that Parkins-White owed on her WFB credit card account.

On May 13, 2007, while shopping at a retail store, Parkins-White, and Brian D. Elliott were given a promotional offer for a credit card from WFB.  Parkins-White was offered a discount on her purchase if she applied for the credit card.  At the time, Parkins-White and Elliott were married, but separated.  Parkins-White says that she filled out the credit application, listing her parents' mailing address.  The credit account was then charged for Parkins-White's purchase.  She asserts that the credit account was not used again for fourteen months.

In August 2008, Parkins-White filed for divorce from Elliott.  Parkins-White asserts that the WFB credit card was sent to her parents' house, where Parkins-White was apparently living, in September 2008.  Parkins-White's divorce from Elliott was finalized on October 8, 2008.  Parkins-White maintains that Elliott never received a WFB credit card.  Parkins-White asserts that, in the divorce,  she assumed full responsibility for the WFB credit account.  She maintains that she is the only person who has made purchases or payments on the account.

Parkins-White contends that, after divorcing Elliott, her monthly income declined.  She began charging on the WFB card.  She missed a payment, which Parkins-White asserts was caused by her not receiving a statement from WFB.  Following the missed payment, Parkins-White's credit limit was reduced, and her interest rate was increased.  She maintains that, although she reconciled her account in January 2009, she again fell behind on her payments that June.  These missed payments, Parkins-White contends, were due to a death in the family and her losing her job.

Between April and June 2009, Parkins-White alleges, she began receiving "harassing phone calls daily from the Defendant concerning her account."  (Resp. Mot. Dismiss 4.)  These phonecalls form the foundation of this lawsuit.  WFB thereafter closed Parkins-White's account.

*B.  Procedural History*

Parkins-White filed her Complaint in the Circuit Court of Mingo County, West Virginia, on

January 5, 2010.  WFB is the lone defendant.  WFB removed the case to federal court on February

10, 2010, on the basis of diversity jurisdiction.

The Motion to Dismiss was filed on February 17, 2010.  Parkins-White responded on

February 25, and WFB replied on March 4.

## II.  Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of

what the . . .  claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47

(1957).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) (citing

*Papasan v. Allain*, 478 U.S. 265, 286 (1986), for the proposition that "on a motion to dismiss, courts

'are not bound to accept as true a legal conclusion couched as a factual allegation'").

## III.  Discussion

### A.  *The Rule 12(b)(7) Motion is Premature*

First, WFB asks the court to dismiss this case because Parkins-White has failed to join a

required party—Parkins-White's ex-husband Brian Elliott—under Federal Rule of Civil Procedure

19.   WFB asserts that Elliott is a co-obligor on the underlying credit contract, and because, it

asserts, Parkins-White is seeking rescission of that contract, Elliott must be a party to these proceedings.  Parkins-White disagrees.  She maintains that Elliott was not a party to the credit contract, that she is not seeking recission of the credit contract, and, therefore, that joinder is not required.

Parkins-White appears to acknowledge that she and Elliott applied for the WFB credit card together.  But whether Elliott is a co-obligor on the credit account is a factual issue.  Because discovery has not yet commenced in this case, a ruling on WFB's motion would be premature.  The court therefore **DENIES** WFB's request that the Complaint be dismissed for failure to join a required party.

### B.  The 12(b)(6) Motion on Counts Six, Seven, and Eight

Second, WFB asks the court to dismiss several counts in the Complaint.  Counts Six, Seven, and Eight allege that WFB violated West Virginia Code sections 61-8-16(a)(3), (a)(4), and (b) when it repeatedly had Parkins-White called to collect debts due on her credit account.  All three Counts assert that these calls resulted in "annoyance, inconvenience, aggravation, harassment, oppression and emotional distress" to Parkins-White.  (Compl. ¶¶ 32, 37, 42.)

The portions of the West Virginia Code relied upon in Counts Six and Seven are as follows:

It shall be unlawful for any person with intent to harass or abuse another by means of telephone to . . .
(3) Make or cause the telephone of another repeatedly or continuously to ring, with intent to harass any person at the called number; or
(4) Make repeated telephone calls, during which conversation ensues, with intent to harass any person at the called number.

W. Va. Code. §§ 61-8-16(a)(3), (4).  Count Eight relies on a different subpart of the same Code section, which provides that "[i]t shall be unlawful for any person to knowingly permit any telephone under his control to be used for any purpose prohibited by this section." *Id.* § 61-8-16(b).

Section 61-8-16 is a criminal statute, making violation of this section a misdemeanor offense. *Id.* § 61-8-16(d).

WFB argues that because Section 61-8-16 is a criminal statute, no private civil cause of action is available to Parkins-White under that section. As WFB acknowledges, a civil cause of action is not precluded simply because the plaintiff's claim is under a criminal statute.  West Virginia Code section 55-7-9 provides, "Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages."

The Supreme Court of Appeals of West Virginia has developed a test for determining whether a civil cause of action lies under a criminal statue.  For a state criminal statute to provide a civil cause of action, the following elements must be met:

> (1) the plaintiff must be a member of the class for whose benefit the statute was enacted; (2) consideration must be given to legislative intent, express or implied, to determine whether a private cause of action was intended; (3) an analysis must be made of whether a private cause of action is consistent with the underlying purposes of the legislative scheme; and (4) such private cause of action must not intrude into an area delegated exclusively to the federal government.

*Hurley v. Allied Chemical Corp.*, 262 S.E.2d 757, 758 (W. Va. 1980).  The Supreme Court of Appeals has not determined whether a civil cause of action is available under Section 61-8-16.

Here, the first three elements of the *Hurley* test clearly favor dismissal, and the fourth factor is inapplicable.  Parkins-White is not a member of the class that West Virginia's anti-stalking laws were meant to protect, it is clear that West Virginia did not intend for Section 61-8-16 to provide a private civil cause of action, and recognizing such a cause of action would be inconsistent with the underlying purposes of the legislative scheme.

-5-

West Virginia provides an explicit civil cause of action for the relief sought by Parkins-White.  In the Consumer Credit and Protection Act ("CCPA"), Chapter 46A Article 2 of the West Virginia Code, West Virginia provides a civil cause of action against overreaching creditors.  In particular, section 46A-2-125 provides the following:

> No debt collector shall unreasonably oppress or abuse any person in connection with the collection of or attempt to collect any claim alleged to be due and owing by that person or another. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
>
> (a) The use of profane or obscene language or language that is intended to unreasonably abuse the hearer or reader;
>
> (b) The placement of telephone calls without disclosure of the caller's identity and with the intent to annoy, harass or threaten any person at the called number;
>
> (c) Causing expense to any person in the form of long distance telephone tolls, telegram fees or other charges incurred by a medium of communication, by concealment of the true purpose of the communication; and
>
> (d) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number.

W. Va. Code § 46A-2-125.

The legislature clearly intended for this statute to provide a cause of action for claims like Parkins-White's.  Nine sections of the CCPA articulate what creditor conduct is prohibited.  The above-quoted language is very specific.  It's language is strikingly similar to the language in section 61-8-16.  If the West Virginia legislature had intended for the criminal statute in section 61-8-16 to cover improper collection techniques by creditors, there would have been no reason for it to enact this portion of the CCPA.   It is clear West Virginia intended the CCPA to provide a civil cause of action for a debtor to sue a creditor for harassment, not section 61-8-16.

Therefore, under the *Hurley* test, a private cause of action does not lie under section 61-8-16. Parkins-White was not a member of the class that section 61-8-16 was meant to protect, the legislature did not intend for that statute to provide a civil remedy, and a civil cause of action would be inconsistent with the underlying purposes of the legislative scheme. Counts Six, Seven, and Eight must therefore be dismissed.

## IV.  Conclusion

The Motion to Dismiss Amended Complaint for Failure to Join an Indispensable Party Or, Alternatively, Motion to Dismiss as to Counts Six, Seven, and Eight of the Amended Complaint [Docket 4] is **GRANTED in part and DENIED in part**. The motion to dismiss for failure to join is **DENIED**. The motion to dismiss Counts Six, Seven, and Eight, however, is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 31, 2010

Joseph R. Goodwin, Chief Judge